IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENNETH JOHNSON, father and next
friend to MATTHEW and MARCUS
JOHNSON, minors, and PHYLLIS
JOHNSON                                                    PLAINTIFFS

V.                          CIVIL ACTION NO. 5:04cv309-DCB-JCS

CITY OF CENTREVILLE, MISSISSIPPI;
MAYOR OF THE CITY OF CENTREVILLE,
MISSISSIPPI: DAVID OWENS; CITY OF
CENTREVILLE,MISSISSIPPI ALDERMEN:
JOHN MOORE, CARL D'AQUILLA, THOMAS
LOBRANO, MARY WEST, MARY SANDERS,
individually and in their official
capacity; CITY OF CENTREVILLE POLICE
DEPARTMENT, CITY OF CENTREVILLE
POLICE CHIEF: JIMMY RAY REESE,
individually and in his official
capacity; CITY OF CENTREVILLE POLICE
OFFICERS: John Does I-V, individually
and in their official capacity;
CAMERON RUSS, DEMARIO RUSS, EDWARD
RUSS, JR., EDWARD RUSS, SR., ARTHUR
RUSS, TERRY RUSS, and CARLA A. RUSS             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the defendants' Motion for Summary Judgment [**docket entry no. 107**]. Having reviewed the motion, briefs, applicable statutory and case law and having conducted an evidentiary hearing on June 26, 2006, pertaining to said motion, the Court finds as follows:

**FACTS**

On November 15, 2003, Matthew and Marcus Johnson were involved in a physical altercation with several members of the family of Edward Russ, Jr. in front of the Russ household in the City of

Centreville, Mississippi. After the bellicose activities ended, Matthew and Marcus Johnson, sporting a number of wounds, left the city limits and returned to their home in Wilkinson County, Mississippi.

Once they reached their home, Matthew Johnson, who had suffered a bite mark to his arm and a contusion to his head, placed an ice pack on his injuries.  Marcus Johnson, who had suffered only some bruising to his shoulder, did nothing to relieve his injuries. Calls were subsequently made to the "911" dispatch by the Johnsons concerning the fight they had been in with the Russes; however, no emergency call was made regarding the physical well-being of either of the Johnson boys.  There is also no evidence that the Johnson family made any other attempt to seek medical attention for Matthew or Marcus following their return to the Johnson home.

Upon their arrival at the Centreville Police Department, Marcus and Matthew Johnson, accompanied by their father Kenneth Johnson, were informed that the boys were being arrested for assault.  During his time at the police department and in the City of Centreville jail, Marcus Johnson mentioned no injuries that needed attention.  Matthew Johnson, however, claims that both he and his father requested medical attention for the bite-mark and head injuries that he had sustained. Despite these alleged requests, it is undisputed that Matthew did not receive any medical attention while at the Centreville Police Department.

Thereafter, Matthew Johnson, being a minor at the time of his arrest, was transferred to the Pike County Juvenile Detention Facility in McComb, Mississippi, by Officer Carlos Lee. After being received into the Pike County Juvenile Detention Facility, it was determined by a Pike County Facility employee that Matthew Johnson might need medical attention. The Centreville Police Department was notified and immediately sent an officer to pick up Matthew Johnson and take him to Field Memorial Community Hospital in Centreville. Overall, the delay between Matthew's arrest and his eventual treatment was around eight hours. The attending physician at Field Memorial determined Matthew Johnson needed a tetanus shot for the human bite, treated the swelling on his head with an ice pack, and prescribed some pain medication. Matthew Johnson was released from the hospital on the same night after receiving treatment.

Neither Marcus Johnson nor Matthew Johnson allege any permanent damage to their physical condition caused by this incident.

## DISCUSSION

### I. Standard for Summary Judgment

A motion for summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the

3

initial burden of identifying relevant portions of the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A contested fact is "material" when it has the potential to change the outcome of the case. Ginsburg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue is "genuine" if "the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Id.

If the moving party sustains its burden, the burden shifts to the non-moving party to show with "significant probative evidence" that a genuine issue as to a material fact actually exists. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). To overcome summary judgment, the non-moving party must do more than simply rely on the pleadings or merely rest "upon conclusory allegations, improbable inferences, and unsupported speculation." Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir. 1993). The non-movant must "designate specific facts showing the existence of a genuine issue for trial." Anderson, 477 U.S. at 250. "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Id. at 252. Moreover, the non-moving party must make a showing sufficient to

establish the existence of an essential element of its case, an element on which it will bear the burden of proof at trial. Celotex, 477 U.S. at 322.

In light of the facts presented by the non-moving party, along with any undisputed facts, this Court must decide whether the moving party is entitled to judgment as a matter of law. When deciding a motion for summary judgment, the evidence submitted by the non-moving party is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the party opposing summary judgment. Anderson, 477 U.S. at 255. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence. Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the non-movant will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962). By contrast, summary judgment for the moving party is only proper when a rational jury, looking at the record as a whole, could not find for the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**II. Deliberate Indifference to Serious Medical Need**

"To establish an unconstitutional denial of medical care, a pretrial detainee must show that an official acted with deliberate

indifference to a substantial risk of serious medical harm and that injuries resulted." <u>Bailey v. Turner</u>, 149 Fed. Appx. 276, 278 (5th Cir. 2005)(citing <u>Wagner v. Bay City</u>, 227 F.3d 316, 324 (5th Cir. 2000)).

The plaintiffs assert that the Johnson boys were "visibly injured" at the time of their arrests and that the City of Centreville Police Chief Jimmy Ray Reese and Officer Lee ignored their duty to provide medical care for serious injuries, especially to Matthew who had suffered from a human bite.  There is, however, insufficient evidence to show that the Johnson boys' injuries were "serious" injuries so as to support the asserted cause of action.

As an initial matter, it is abundantly clear that Marcus Johnson suffered no serious injury as a result of the fight with the Russ family.  He admitted at the evidentiary hearing that his injury was not severe enough to warrant medical attention and that he did not request any medical help from the City of Centreville police officers.  He also stated that his injuries healed, on their own, in just a few days time and that he has suffered no permanent injury from the fight.

As to Matthew Johnson's injuries, there is ample evidence that his injuries were also not serious.  When the boys returned home from the altercation, no action was taken by them, their mother, or their father to seek medical help concerning the injuries.  Mrs. Johnson claims that she did not seek medical attention for the boys

because members of the Russ household started arriving at her house shortly after the boys returned home.  However, regardless of the commotion at the Johnson home when the Russ family arrived, had the Johnson boys' injuries been severe, it is highly doubtful that their parents would have been sidetracked from seeking medical attention for their children.

Moreover, the treating physician at Field Memorial Community Hospital in Centreville discharged Matthew Johnson after providing only minimal treatment for his injuries.  That treatment including giving him a tetanus shot, an ice pack, and a pain medication prescription.  No stitching was required, and no bones had been fractured.  In short, there was no injury serious enough to require Matthew to stay at the hospital for an extended period of time.

Without a showing of "serious injury," the defendants are entitled to summary judgment.  Raspberry v. Johnson, 281 F.3d 1279 (5th Cir. 2001)(finding that the prisoner failed to allege either a serious medical condition or deliberate indifference to such a condition and noting that he "concede[d] that the injuries healed on their own, he did not suffer any broken bones in his hand, and he was examined by medical personnel for his injuries"); Turk v. Thomas, 121 Fed. Appx. 24, *1 (5th Cir. 2005)(affirming grant of summary judgment because the plaintiff failed to establish that "he suffered substantial harm as a result of any failure to examine and treat his head injuries.").  Therefore, the plaintiffs' claim of

lack of medical treatment will be dismissed.

Alternatively, even if the plaintiffs could show that the City of Centreville police officers were deliberately indifferent to a serious medical need, the defendants would still be entitled to summary judgment inasmuch as there has been no showing that any injury resulted because of that indifference.

Both Marcus and Matthew indicated that their injuries healed within a matter of weeks and that no permanent injury arose as a result of any alleged indifference by the municipal defendants.  It is also undisputed that Matthew Johnson was seen by a physician the night of his arrest, albeit approximately eight hours after he was taken into custody.  As with the refusal to provide any medical care, a delay in treatment may also be actionable under § 1983 if there has been deliberate indifference to a serious medical condition, and the delay results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Stewart v. Murphy, 174 F.3d 530, 537 (5th Cir. 1999); Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998).  Given that no permanent or long-lasting injuries were sustained by the boys, the only conceivable claim of injury concerning the delay in treatment is that Matthew Johnson was forced to suffer pain for a period of about eight hours without medical treatment.  Such a claim of unpleasant pain, however, fails to rise to the standard of a constitutional

violation.[1]  See, e.g., Mayweather v. Foti, 958 F.2d 91, 91 (5th Cir. 1992) (holding that continuing back pain suffered by pre-trial detainee/prisoner where his pain medication was sometimes skipped by prison officials, though unpleasant, was not a constitutional violation); Sigler v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(physical injury must be more than de minimis); Hooper v. Johnson, 2003 WL 21355896 (N.D. Tex. June 9, 2003)(plaintiff failed to allege how a one-day delay in receipt of medical care aggravated his condition or harmed him).

Having dismissed the claims of lack of medical care, the plaintiffs' related claim of failure to train shall also be dismissed inasmuch as they cannot show they were injured by any such failure.

### III. Supplemental Jurisdiction Over State Law Claims Against Members of the Russ Family

Pursuant to 28 U.S.C. § 1367(c), a court may decline to exercise jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." Having disposed of all federal-law based claims against the Wilkinson County Defendants and the City of Centreville Defendants, the only claims remaining in this suit are state-based allegations

---

[1] The Court does not imply that pain can never be sufficient to maintain a claim of deliberate indifference; however, where the pain is merely "unpleasant", it is clear that no substantial injury exists. In this case, Matthew Johnson's alleged pain, as testified to during the evidentiary hearing, was caused merely by some bruising and a slight bite to his arm. Such pain, again though unpleasant, is not "substantial harm."

against certain members of the Russ family based upon their participation in allegedly assaulting Matthew and Marcus Johnson and trespassing on Kenneth Johnson's property.  This Court exercises its discretion under § 1367(c) and declines to assume jurisdiction over those claims.  Thus, they will be dismissed without prejudice.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that the defendants' Motion for Summary Judgment is well-taken. ACCORDINGLY,

IT IS HEREBY ORDERED that the City of Centreville Defendants' Motion for Summary Judgment [**docket entry no. 107**] is **GRANTED** as to all remaining claims;

IT IS FURTHER ORDERED that the City of Centreville, the Mayor of the City of Centreville (David Owens), the City of Centreville Board of Aldermen (John Moore, Carl D'Aquilla, Thomas Lobrano, Mary West, Mary Sanders), the City of Centreville Police Department, the City of Centreville Police Chief (Jimmy Ray Reese), and the City of Centreville Police Officers are **DISMISSED WITH PREJUDICE;**

IT IS FURTHER ORDERED that all claims against the remaining defendants (Cameron Russ, DeMario Russ, Edward Russ, Jr., Edward Russ, Sr., Arthur Russ, Terry Russ, Carla R. Russ) are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. 1367(c).

A separate final judgment dismissing this action with

prejudice as to the Wilkinson County Defendants and the City of Centreville Defendants and without prejudice as to the Russ Defendants shall be entered in accordance with Fed. R. Civ. P. 58.

SO ORDERED, this the   28th   day of June, 2006.


                                        s/ David Bramlette
                                   UNITED STATES DISTRICT JUDGE